```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
                               :
KEVIN KENNY
                               :
     v.                        :     Civil Action No. DKC 2007-2421
                               :
M. JONES, et al.
                               :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution are (1) Plaintiff's motion for remand, (paper 16), and (2) Defendants' motion for summary judgment, (paper 6). For the following reasons, the motion to remand will be denied and Plaintiff will be directed to respond to the merits of Defendants' motion for summary judgment.

Plaintiff initially filed this suit, *pro se*, in the District Court of Maryland for Prince George's County against M. Jones, Ofc. Estime, and the Washington Metro Area Transit Authority. He asserted that:

> On 07-27-06 I was assaulted and falsely arrested and imprisoned by officers of the Washington Metro Area Transit Authority by name M. Jones and Ofc. Estime. On May 4, 2007 I was acquitted of all charges filed by said officers.

He sought $25,000 in damages. A notice of removal was filed by WMATA on September 13, 2007, asserting that it was served on August 16, 2007, and was entitled to remove the action to federal court because this is a civil action over which this court has original jurisdiction pursuant to Pub.L.No. 89-774, 80 Stat. 1324 (1966),

codified at Md. Code Ann., Transp. § 10-204(81). The other Defendants consented to removal.

Plaintiff, now represented by counsel, moved to remand the action to state court, asserting that the state court has concurrent jurisdiction with the federal court over actions against WMATA, that the initial pleading was not removable, that only WMATA and not the individual defendants has any right to removal, and that remaining in federal court will deprive plaintiff of the opportunity to sue WMATA for other torts due to Eleventh Amendment immunity.

As pointed out by Defendants, the statute expressly grants federal courts original jurisdiction and provides for removal:

> The United States District Courts shall have original jurisdiction, concurrent with the courts of Maryland, Virginia and the District of Columbia, of all actions brought by or against the [Washington Metropolitan Area Transit] Authority and to enforce subpoenas issued under this Title. Any such action initiated in a State or District of Columbia court shall be removable to the appropriate United States District Court in the manner provided by Act of June 25, 1948, as amended (28 U.S.C. 1446).

Md. Code Ann., Transp. § 10-204(81). Any action brought in state court that could have been brought in federal court may be removed by a defendant. 28 U.S.C. § 1441(a). Accordingly, as the initial pleading brought an action against WMATA, it was removable. Further, the court has jurisdiction over the entire action, not just the claims against the defendant who removed, and therefore

2

the entire action is removed. *See* 28 U.S.C. § 1367(a) (granting supplemental jurisdiction over additional parties in cases in which district courts have original jurisdiction). Plaintiff's other arguments do not require – or justify – remand. *See Jamison v. Wiley*, 14 F.3d 222, 239 (4th Cir. 1994) (noting that 28 U.S.C. § 1447(c) provides for remand only where there is a procedural defect or lack of subject matter jurisdiction). Accordingly, the motion to remand will be denied.

On September 13, 2007, Defendants filed a motion for summary judgment. Plaintiff did not respond to the merits, but merely suggested that his motion to remand should be resolved first. That motion has now been denied. Plaintiff is directed to respond to the motion for summary judgment within thirty days.

                                               /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge